# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 7275 |
| ) | (Crim. Case No. 90 CR 57-1) |
| **EDDIE LEE FRYER**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Eddie Lee Fryer ("Fryer") has filed a document (Dkt. No. 205) captioned "Defendant's Motion To Vacate Count 6 in the Interests of Justice and Fairness," accompanied by a thick packet of exhibits occupying some 180-odd pages. That filing, which deals with Fryer's quarter-century-old conviction in Criminal Case No. 90 CR 57, has also been given a civil case number, purely for administrative convenience in enabling the recordkeeping in connection with Fryer's current motion to be separated from the 200-plus docket entries in the underlying criminal case. That civil case number, however, led to the motion being assigned initially to this Court's colleague Honorable Sam Der-Yeghiayan via the computerized random assignment system operative in this District Court. But the motion was then reassigned to this Court's calendar because it had originally presided over Fryer's trial, conviction and sentencing[1] and over

---

[1] Those were affirmed by our Court of Appeals nearly 2-1/2 decades ago in Fryer v. United States, 974 F.2d 813 (7th Cir. 1992).

his later unsuccessful effort to invoke 28 U.S.C. § 2255 ("Section 2255").[2]

Nothing that will be said here should be viewed as questioning Fryer's many positive efforts, which his current submission and exhibits have described in detail, to make him a totally different person from the one whose crimes and background led to the severe 562 month custodial sentence that he received from this Court. Both his crimes and the sentencing took place in the pre-Booker era, when the sentencing guidelines were mandatory and when our Court of Appeals was among the least receptive, if not indeed the least receptive, forum for departures from those mandatory guidelines. And in Fryer's case the guideline-driven sentence was enhanced dramatically by the mandatory stacking compelled by 18 U.S.C. § 924(c), which in Fryer's case upped the consecutive sentence total to that 562 month level.

In Fryer's current effort to escape from the consequence of that combination, Part IV of his current motion is captioned "This Court Should Apply the Holloway Doctrine to Reduce Mr. Fryer's Sentence." What Fryer terms the "Holloway Doctrine" is the relief that was afforded by another District Judge -- the Honorable John Gleeson of the Eastern District of New York -- to a defendant whose criminal background and sentence were much like Fryer's. As Judge Gleeson's opinion in United States v. Holloway, 68 F. Supp. 310 (E.D. N.Y. 2014) revealed, defendant Holloway's circumstances for sentencing purposes were very similar to Fryer's: He

---

[2] This Court's denial of that Section 2255 motion was also affirmed by our Court of Appeals 1-1/2 decades ago in Fryer v. United States, 243 F.3d 1004 (7th Cir. 2001). According to Fryer's current filing, he has also sought leave to file a second or successive Section 2255 motion on May 27 of this year, a motion that he says is based on the decision in Johnson v. United States, 125 S. Ct. 2551 (2015). It appears from Fryer's brief mention of that filing that no action has been taken on that motion (which is wholly separate from and irrelevant to the motion dealt with in this opinion).

had been convicted of carjacking three cars at gunpoint, and the same statutory stacking had produced a 57 year sentence. But Judge Gleeson's opinion made it plain that his perceived ability to grant relief did not stem from <u>his</u> action, but rather from the United States Attorney's motion to dismiss two of Holloway's counts of conviction. That is made plain in a portion of the language that Fryer himself quotes from the opinion in <u>Holloway</u>, 68 F. Supp. at 316:

> This is a significant case, and not just for Francois Holloway. It demonstrates the difference between a Department of Prosecutions and a Department of <u>Justice</u>. It shows how the Department of Justice, as the government's representative in every federal criminal case, has the power to walk into courtrooms and ask judges to remedy injustices.
>
> The use of this power poses no threat to the rule of finality, which serves important purposes in our system of justice. There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly.

As a brief digression from the analysis that follows, it is interesting that another parallel between Holloway's case and Fryer's case is provided by a recital in <u>Holloway, id.</u> at 314 that the United States Attorney there (now the United States Attorney General) had suggested that Holloway should apply for a Presidential commutation of his sentence rather than turning to the District Court for possible relief. And among the exhibits to Fryer's current motion are two letters reflecting presidential denials of <u>his</u> requests for relief that are not subject to possible appeal. In any event, in Holloway's case his lack of success on the commutation front led to reconsideration by the United States Attorney as to filing a prosecutorial motion to vacate counts of conviction that gave rise to the stacking effect.

More than a decade ago Fryer filed with this Court some materials of the same type that he has now tendered once again as assertedly entitling him to relief. At that time this Court responded with a February 8, 2005 letter (copy attached) that reflected this Court's view that it

- 3 -

had "no power -- no jurisdiction -- to take any action on your behalf." That remains true today, for the Holloway case never even hinted that the decision to vacate counts of conviction was judge-activated rather than prosecutor-activated.

But the bottom line here is that the invitation extended by Fryer's motion for this Court to follow the path ultimately pursued in Holloway by vacating Count 6 of his long-ago indictment does not conform to Seventh Circuit law (which is of course binding on this Court). Last year's decision in Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015) followed the lead of the United States Supreme Court in Gonzalez v. Crosby, 545 U.S. 524 (2005) in defining the permissible scope of Fed. R. Civ. P. ("Rule") 60(b)(6) in dealing with long-delayed collateral challenges to a prisoner's sentence. Although Ramirez, 799 F.3d at 851 recognized that "Gonzalez held that in rare circumstances, a motion under Rule 60(b) may be used by a prisoner," that recognition was preceded by the Ramirez, id. statement that the prisoner there "is not trying to present a new reason why he should be relieved of either his conviction or his sentence, as provided in 28 U.S.C. § 2255(a)." But that -- presenting a totally new reason for relief -- is precisely what Fryer seeks to do here.

It would take a real stretch to squeeze Fryer's current effort into the "rare circumstances" mold described by Ramirez, which followed the language quoted in the preceding paragraph of this opinion with this further description at 799 F.3d at 850 of the principle articulated in Gonzalez (with citations to Gonzalez omitted):

> There the Court confirmed that "Rule 60(b) has an unquestionably valid role to play in habeas cases." But that role is restricted. The "movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment."

And as already stated, there is no question that Fryer is seeking to advance a totally new reason for relief, as the prisoner in Ramirez was not.

That being the case, the description of the Gonzalez holding set out in Phillips v. United States, 668 F.3d 433, 435 (7th Cir. 2012) fits the situation here:

> Gonzalez v. Crosby, 545 U.S. 524, 533-35, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), holds that a Rule 60(b) motion in a collateral proceeding under § 2254 or § 2255 that attacks a district court's decision "on the merits" must be treated as a new "application" for collateral review, and thus is barred by § 2244(b) unless the statutory criteria for sequential collateral litigation are met.

Just as Fryer has recognized by filing his earlier-referred-to May 27, 2016 application for leave to file a new motion with the Court of Appeals for its consideration because that filing is a second or successive Section 2255 motion, so his effort to involve this Court in his current effort in the first instance must fail -- it too has to be brought before the Court of Appeals, as Phillips has stated. Accordingly Fryer's current motion must be and is denied, and this action (with its civil case number) is terminated.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 12, 2016

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CHAMBERS OF
MILTON I. SHADUR
SENIOR JUDGE

CHICAGO, ILLINOIS 60604

February 8, 2005

Mr. Eddie Lee Fryer
02029-424
United States Federal Penitentiary
P.O. Box 305
Jonesville, Virginia 24263

Dear Mr. Fryer:

Let me first apologize for the delay in responding to your recent mailing. This has been a particularly hectic period, and I've been forced to neglect a number of things that don't relate directly to the cases on my pending civil and criminal calendars.

What you have sent me is truly impressive -- we too rarely see proof that someone has really changed his or her life in the prison environment, as you have obviously done. It's truly unfortunate that one of Congress' numerous "tough on crime" policies -- the results of their political judgment that any elected official's being thought of as "soft on crime" is a sure way to defeat at the next election -- has been to eliminate parole from the federal system. My guess is that anyone who has accomplished what you have during these past 14 years would have been viewed as a prime candidate for parole despite the extensiveness of your past history in the criminal justice system.

In any case, I do appreciate your sharing your accomplishments with me. It's a matter of real regret, under the circumstances, that I have no power -- no jurisdiction -- to take any action on your behalf.

Sincerely,

Milton I. Shadur

MIS/mdf

ATTACHMENT